[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Statewide Grievance Committee filed a presentment in this court charging attorney misconduct against the respondent, David P. Pinciaro, who was admitted to the bar of this state on November 1, 1984. At the time of the hearing that was scheduled on the presentment, the parties submitted a joint stipulation of facts as follows: CT Page 2107
1. David P. Pinciaro (hereinafter, Respondent), juris number 302596, was duly admitted as a member of the Bar of the State of Connecticut on November 1, 1984.
2. The Respondent represented Diana Toth (now Diana Durost), in connection with a claim for injuries sustained in an automobile accident on May 5, 1991.
3. Ms. Toth was referred to the Respondent by Dominic Gesuero, an investigator who worked for the Respondent's office.
4. On or about September 15, 1992, the Respondent negotiated a settlement of Ms. Toth's claim with the insurance carrier in the amount of $23,500.00.
5. The Respondent paid Mr. Gesuero a $400.00 investigation fee from the settlement proceeds.
6. A clients funds check from the Respondent's firm was issued payable to Ms. Toth in the amount of $9,513.34, representing the net amount due Ms. Toth.
7. Mr. Gesuero delivered the $9,513.34 check to Ms. Toth.
8. Ms. Toth signed the check and made it payable to Mr. Gesuero.
9. Ms. Toth thereafter received a check from Mr. Gesuero in the amount of $7,846.00.
10. Mr. Gesuero retained the balance of Ms. Toth's net settlement proceeds as a referral fee.
11. A lost wage check payable to Ms. Toth in the amount of $3600.00 was delivered to Ms. Toth by Mr. Gesuero.
12. Mr. Gesuero retained $1000.00 of the lost wage check proceeds as a fee and gave Ms. Toth $2600.00.
It is the plaintiff's contention that the conduct set forth in the stipulation of facts is violative of 5.3 of the Rules of Professional Conduct, Responsibilities Regarding Nonlawyer Assistants, which provides:
With respect to a nonlawyer employed or retained by or CT Page 2108 associated with a lawyer:
 (a) A partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer;
 (b) A lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and
 (c) A lawyer shall be responsible for conduct of such a person that would be a violation of the rules of professional conduct if engaged in by a lawyer if
 (1) The lawyer orders or, with the knowledge of the specific conduct ratifies the conduct involved; or
 (2) The lawyer is a partner in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.
The plaintiff specifically alleges that the respondent violated Rule 5.3(b) and Rule 5.3(c)(2) in that he failed to take reasonable efforts to ensure that Gesuero's conduct was compatible with the professional obligations of a lawyer and that, as a partner in the law firm in which Gesuero was employed, he should have avoided or mitigated Gesuero's conduct. The plaintiff asks that Respondent be suspended from the practice of law for a period of nine months based on these claimed violations.
A presentment proceeding "is neither a civil action nor a criminal proceeding, but is a proceeding sui generis, the object of which is not the punishment of the offender, but the protection of the court." Statewide Grievance Committee v.Rozbicki, 219 Conn. 473, 483 (1991), cert. denied, 502 U.S. 1094,112 S.Ct. 1170, 117 L.Ed.2d 416 (1992). The function of the grievance committee is to initiate presentment and thereafter a de novo evidentiary proceeding is carried out by the court, with whom rests the ultimate responsibility to determine whether an act or acts of misconduct occurred. Statewide Grievance CommitteeCT Page 2109v. Presnick, supra, 215 Conn. 167. "In presentment proceedings, the Statewide Grievance Committee must prove by clear and convincing evidence that the attorney misconduct it alleges has occurred." Statewide Grievance Committee v. Whitney,227 Conn. 829, 838 (1993).
It is important to recognize at the outset that the plaintiff makes no claim that the Respondent was aware in advance that Gesuero had arranged with Toth to take a fee for himself from the net proceeds of her settlement or lost wage checks. There is certainly no allegation that the respondent authorized such a procedure or that he approved of it once he was made aware of it.[1] The allegation, as indicated above, is only that the respondent failed in his obligations to supervise adequately a nonlawyer member of his staff.
The court finds the facts as set forth in the Stipulation of Facts. The Respondent, as indicated, has joined in that stipulation, but he has also asserted a special defense that denies that his conduct is violative of any portion of Rule 5.3. No testimony was offered by either party at the hearing, although the Respondent introduced numerous letters of reference attesting to his good character and competence. His attorney asserted that he had never before been the subject of a disciplinary complaint, a contention not contradicted by the plaintiff.
According to paragraph 13 of the presentment, the Statewide Grievance Committee found that the Respondent "failed to make a reasonable effort to ensure that Dominic Gesuero's conduct relative to Ms. Toth's settlement check was compatible with his professional obligations in violation of Rule 5.3(b) and c(2) of the Rules of Professional Conduct by failing to properly supervise Mr. Gesuero's conduct". Despite repeated invitations by the court at oral argument, however, the plaintiff was unable to suggest to the court precisely what the Respondent ought to have done differently in order reasonably to have satisfied those obligations.
For example, absent a reason for the respondent to have suspected misconduct on Gesuero's part prior to the revelation of the Toth incident, and no such reason has been advanced by the plaintiff, it is not reasonable to require the respondent to review all cancelled client's funds checks in order to ascertain whether some of the firm's clients have endorsed those checks over to employees of his firm. The plaintiff has not offered CT Page 2110 evidence tending to show, nor has it even advanced the hypothesis, that the proper exercise of his supervisory responsibilities would have required the respondent to advise Gesuero at the time of his initial employment that it is improper to accept kickbacks from clients, something which quite arguably should literally "go without saying", unless there was some fact that would have put the respondent on notice that Gesuero was engaged in or at least contemplating such conduct.[2] Indeed, the plaintiff has not even specifically alleged that the respondent failed to instruct Gesuero that it was inappropriate to solicit or accept referral fees from clients of the firm. Rather, the plaintiff appears to assume that because Gesuero engaged in this improper conduct, it must have been because the respondent failed to supervise him properly. This kind of unsupported post hoc ergo propter hoc argument cannot serve as the basis for a finding of attorney misconduct.
Other than the fact that Gesuero occupied the position of "investigator" rather than "secretary" or "paralegal", the plaintiff has offered no reason to believe that the Respondent's having an employee handle of the distribution of the check representing the net proceeds of the plaintiff's settlement was any different from the way that it would have been handled in any other law office. If there is an accepted standard procedure in this regard from which the respondent's office deviated, the plaintiff should have offered evidence of it.
In short, the stipulation of facts does not set forth a basis upon which this court can conclude that the respondent violated the Rules of Professional Conduct. The court finds that the Statewide Grievance Committee has failed to establish by clear and convincing evidence that the respondent violated either Rule 5.3(b) or Rule 5.3c(2) of the Rules of Professional Conduct.
The Respondent, as previously mentioned, submitted numerous and impressive letters of reference from other attorneys attesting to his good character and competence. Courts are indeed responsible for evaluating a respondent's character, integrity, and fitness to practice law in determining any sanction to be imposed in a disciplinary proceeding, and they have also looked for guidance in the "Standards for Imposing Lawyer Discipline" adopted by the American Bar Association. Statewide GrievanceCommittee v. Shluger, 230 Conn. 668 (1994). Because this court finds that the Respondent committed no violation of our Rules of Professional Conduct, however, it is unnecessary to consider any CT Page 2111 of the arguments relating to sanctions.
For all the foregoing reasons, the court, in accordance with Section 31 of the Practice Book, dismisses the complaint.
Silbert, J.